UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL E. MAYFIELD, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:09CV1258 JCH |
| ) | |
| LUTHERAN SENIOR SERVICES, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, filed September 5, 2009. (Doc. No. 8). The matter is fully briefed and ready for disposition.

## **BACKGROUND**

On or about December 22, 2008, Plaintiff Paul E. Mayfield filed a Petition for Violation of the Missouri Human Rights Act ("Complaint") in the Circuit Court of Saint Louis County, Missouri. (Doc. No. 4). In his Complaint Plaintiff alleged age discrimination, disability discrimination, and retaliation, all in violation of the Missouri Human Rights Act ("MHRA"), § 213.010 R.S. Mo. *et seq*. (Id.). Plaintiff did not allege the denial of any benefit or right under a plan that could be construed as a claim for ERISA benefits. (Plaintiff's Memorandum in Support of Motion to Remand, P. 1).[1] The only mention of employee benefits in the Complaint were in reference to Plaintiff's loss of benefits, including retirement contributions and health insurance, that flowed from the allegedly discriminatory termination of employment. (Id.).

During the proceedings in Missouri state court, Defendant Lutheran Senior Services ("LSS")

---

[1] Defendants concede Plaintiff's Complaint as originally stated was not removable. (Defendants' Notice of Removal, ¶ 3).

propounded requests for admission to Plaintiff, allegedly to, "clarify the factual basis for his disability discrimination claim." (Defendants' Notice of Removal, ¶ 5). Request number three stated as follows: "Admit that you were not terminated because of the increased cost to Lutheran Senior Services of providing you coverage under LSS's health insurance plan as a result of your alleged disability." (Plaintiff's Responses to Defendants' First Requests for Admissions, attached to Defendants' Notice of Removal as Exh. B, P. 2). Plaintiff denied request for admission number three. (Id.).

Defendants removed Plaintiff's Complaint to this Court on August 7, 2009. (Doc. No. 1). Defendants assert their removal was timely, as Plaintiff's response to request for admission number three constituted an "other paper" under 28 U.S.C. § 1446(b)[2], which made clear the factual underpinning of his disability discrimination claim was that LSS terminated him to avoid the increased cost of providing his coverage under LSS's health insurance plan. (Defendants' Notice of Removal, ¶ 10). Defendants thus maintain Plaintiff's state law wrongful discharge claim is completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and so the case properly is removable to federal court even though Plaintiff failed to invoke ERISA in his Complaint. (Id., ¶ 12).

As stated above, Plaintiff filed the instant Motion to Remand on September 5, 2009, asserting this Court lacks subject matter jurisdiction as his claims arise solely under the Missouri Human Rights Act. (Doc. No. 8).

## DISCUSSION

---

[2] 28 U.S.C. § 1446(b) requires that a notice of removal be filed within 30 days of receipt of the initial pleading, unless, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable..."

"It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party." Rolwing v. NRM Corp., 2005 WL 1828813 at *2 (E.D. Mo. Aug. 2, 2005), citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citation omitted).

The existence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that, "federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Avenevoli v. Lockton Companies, Inc., 2008 WL 509545 at *2 (E.D. Mo. Feb. 22, 2008) (citation omitted). One corollary of the well-pleaded complaint rule, however, is that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in nature." Id. (citation omitted). With respect to the ERISA statute, preemption is extremely broad, and thus "any complaint that primarily seeks enforcement of ERISA is properly removable to federal court." Id. at *1.[3]

In the instant case, Plaintiff's Complaint does not allege that the desire to avoid the increased cost of providing Plaintiff coverage under its health insurance plan was a motivating factor in LSS's decision to discharge Plaintiff. Rather, the "heart" of Plaintiff's Complaint is that he wrongfully was discharged on the bases of age and disability, and in retaliation for his complaints of discrimination. Avenevoli, 2008 WL 509545 at *3. As stated above, other than the reference to lost benefits as part of his damages, there are no references to ERISA in Plaintiff's Complaint. Id.

---

[3] ERISA mandates that, "the provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). In interpreting this language, the Supreme Court has held that a law "relates to" an employee benefit plan if it has a connection with, or reference to, such a plan. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

Upon consideration of the foregoing, the Court finds Plaintiff's Complaint was not subject to removal, as it references the loss of ERISA benefits only as a *result of*, rather than a motivation for, the wrongful discharge. Karambelas v. Hughes Aircraft Co., 992 F.2d 971, 974 (9th Cir. 1993). In other words, the Complaint alleges the termination was motivated by age discrimination, disability discrimination, and retaliation, and "[n]o reference or reliance upon ERISA is necessary for Plaintiff to prove [his] claim[s] of discrimination." Avenevoli, 2008 WL 509545 at *3.[4] See also Keim v. Washington University, 2007 WL 1378454 at *3 (E.D. Mo. May 7, 2007) (internal quotations and citations omitted) ("The merely incidental reference to benefits governed by ERISA did not render the claim one rightly characterized as an ERISA claim. The petition remained a claim for discriminatory discharge in violation of a state human rights statute, improperly removed and subject to remand.").[5]

With respect to the request for admission, the Court is unpersuaded that Plaintiff's response establishes his claims primarily seek enforcement of, or relief under, ERISA. Avenevoli, 2008 WL 509545 at *4.

> Existence of an ERISA plan is not a critical factor in establishing liability on plaintiff's wrongful termination claim. Rather, Plaintiff merely testified to [his] *belief* that [his] handicap, and consequently, the medical costs associated with that handicap, motivated [his] termination. Such testimony does not

---

[4] Under the law of this district, claims brought pursuant to the MHRA may exist independently from ERISA. Avenevoli, 2008 WL 509545 at *3.

[5] The majority of the cases cited by Defendants are distinguishable, as they involved initial pleadings that referenced interference with ERISA benefits as a basis for liability. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 135-136, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); Alwin v. Sprint Communications Co. Ltd. Partnership, 870 F.Supp. 275, 277 (D. Minn. 1994); Haynes v. BIS Frucon Engineering, Inc., 2008 WL 3853438 at *1 (E.D. Mo. Aug. 14, 2008); McLain v. Andersen Corp., 567 F.3d 956, 963, 965-966 (8th Cir. 2009). Further, in the one case cited by Defendants in which the complaint did not state an ERISA claim on its face, the plaintiff testified at deposition that the claims arose out of a desire to avoid ERISA benefits, and offered no other theory in support of the claims. Felton v. Unisource Corp., 940 F.2d 503, 507-508 (9th Cir. 1991).

- 4 -

create an ERISA claim. *If it did, virtually every state-based disability discrimination claim would be preempted by ERISA so long as an employer maintained an ERISA-qualified benefits plan.*

Id. at *4 (internal quotations and citation omitted) (emphasis added). Here, Plaintiff's wrongful termination claim does not cease to exist when stripped of its link to Defendants' ERISA plan, nor does his response to request for admission three, "establish that [his] termination cause of action is primarily concerned with the plan administrator/beneficiary relationship, as opposed to [] the employer/employee relationship." Avenevoli, 2008 WL 509545 at *4. Plaintiff's Motion to Remand will therefore be granted.[6]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 8) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the County of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 26th day of October, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[6] The Court will deny Plaintiff's request for attorney's fees and costs associated with bringing this Motion to Remand, however, as Defendants had an objectively reasonable basis for removal. Avenevoli, 2008 WL 509545 at *4, citing Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).